New Jersey Department of Labor,
Workmen's Compensation Bureau.

GEORGE SCHENCK, PETITIONER, v. NEW JERSEY STATE
HIGHWAY DEPARTMENT, RESPONDENT.

Decided September 1, 1936.

For the petitioner, *Theodore Strong & Son.*

For the respondent, *Robert S. Hartgrove.*

\*      \*      \*      \*      \*      \*      \*

In the case *sub judice* petitioner was employed by the state highway department as a laborer and engaged in road repair and construction. On November 14th, 1935, he met with an accident arising out of and in the course of his employment.

Question to be decided by bureau is whether petitioner comes within the jurisdiction of the Workmen's Compensation act or if provisions of chapter 81, laws of 1933 (*N. J. Stat. Annual* 1933, *p.* 493, § \*\*236-103) as amended apply.

Respondent has produced "Assignment Ship—Works Program" marked *R-1* in evidence which reflects that the petitioner, George Schenck, having been certified upon relief rolls was ordered to report to work at seven-thirty A. M., October 29th, 1935, and assigned to Project No. W.P.H. 95 D and 95 E of the New Jersey state highway department at Sand Hills route 26. This slip was signed by petitioner and I have no reason to doubt its authenticity. It was while working on this project that he was injured.

Respondent further produces copies of "Project Agreement under The Federal Aid Road Act," marked *R-2* and *R-3* in evidence which covers projects W.P.H. 95 D and 95 E on which petitioner was employed.

These agreements entered into between the federal government through the secretary of agriculture and the state highway department of New Jersey specifically state the funds to be paid by the federal government to said highway commission for the construction of said highway known as Sand Hills route 26 and particularly states funds are provided under "Emergency Relief Appropriation Act of 1935 (Public Resolution No. 11—74th Congress). *U. S. C. A., tit.* 15, § 728, *note* § 11.

I have before me the Federal Highway act, chapter 119, section 1, 42 *Stat.* 212 (*U. S. C. A., tit.* 23, § 1), covering highway construction under the National Recovery act, federal aid, &c. This act provides for the aid of states in road construction and authorizes the above appropriations.

Chapter 81, laws of 1933 (*N. J. Stat. Annual* 1933, *p.* 493, § **236-103), provides that "employment provided by this state, as by any county or municipality, or by any board, commission or agency thereof, pursuant to any plan of relief heretofore or hereafter authorized and approved by the state director of emergency relief, is hereby declared to be casual employment * * *."

In view of fact that petitioner's employment was in the nature of that provided for in chapter 81, laws of 1933, *supra,* as amended as supplemented I am holding employment was "casual" and dismissing petition.

Petitioner has relief as provided in section 2, Public Resolution No. 11—74th Congress (*U. S. C. A., tit.* 15, § 728, *note* § 2), which provides ways and means for reimbursement to injured employes under relief projects.

It is, therefore, ordered that judgment be entered in favor of the respondent and that the petitioner herein be and the same is hereby dismissed.

JOHN C. WEGNER,
*Referee.*